UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
ANTHONY MARTIN ,                                    )
                                                    )
        Plaintiff,                                  )
                                                    )
        v.                                          )          Civil Action No. 09-0169 (EGS)
                                                    )          Document No.    9
UNITED STATES MARSHALS                              )
SERVICE *et al,*                                    )
                                                    )
        Defendants.                                 )
_____)

MEMORANDUM OPINION

        This civil action filed *pro se*, arises from plaintiff's participation in the United States

Marshals Service's Witness Security Program ("WSP").  In addition to the Marshals Service,

plaintiff sues WSP Chief Thomas E. Wight, the United States Department of Justice, former

Attorneys General Michael Mukasey and Alberto R. Gonzales, the Federal Bureau of

Investigation, former FBI Director Robert Mueller, the United States Department of Homeland

Security and former Homeland Security Secretary Michael Chertoff.  Invoking the Constitution

and common law, plaintiff claims that defendants' failure to prevent disclosure of his "real

identity," Compl. at 2, "jeopardiz[ed] his life," *id*. at 4.

        Defendants move to dismiss the complaint under Federal Rule of Civil Procedure

12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)6) for failure to state a claim or for

summary judgment under Rule 56.  Defendants also move as an alternative to transfer the

contract claim to the United States Court of Federal Claims.  Upon consideration of the parties'

submissions and the entire record, the Court will grant defendants' motion to dismiss and will

dismiss the common law claims under Rule 12(b)(1) and the constitutional claims under Rule

12(b)(6).

2

## I. BACKGROUND

The relevant facts are as follows.  Plaintiff entered the WSP on February 13, 1992, and assumed the name Anthony Lee Martin.  Compl. at 2.  He voluntarily left the program on July 15, 1992.  *Id*.  Following the events of September 11, 2001, plaintiff contacted "his old F.B.I. handler and requested to go back and work as an informant to infiltrate terrorists and assist the United States."  *Id*.  He worked undercover for the FBI as a driver for the Las Vegas Taxicab Authority.  *Id*. at 3

In 2004, while responding to plaintiff's call to report "a man . . . wielding a knife in a threatening manner on a business premises," an officer of the Las Vegas Metropolitan Police Department "ran Plaintiff's I.D. through his police car computer system . . . informed [] Plaintiff that he was not Tony Martin but Lee McKnight and took [plaintiff's] driver's license."  Compl. at 3.  Plaintiff contacted the Marshals Service in Las Vegas, which referred him to the Los Angeles office.  Nearly four months later, plaintiff received a birth certificate bearing his assumed name and later received a "DD-214 certificate of release or discharge from active duty," also bearing his assumed name.  Def.'s Statement of Material Facts Not in Genuine Dispute ¶ 6.  A deputy U.S. marshal in the Los Angeles office allegedly told plaintiff that his identity was probably breached when the Las Vegas Taxi Authority fingerprinted him in 2001 for his driver's permit.  *Id*.  at 4.

By letter of August 11, 2008, plaintiff informed the Marshals Service Director about the identity breach, to which defendant Wight responded by letter of September 30, 2008.  Compl. Ex. A.  Wight reminded plaintiff that the Memorandum of Understanding he had signed "states very clearly that Government protected witnesses will not act as informants" and warned against "being fingerprinted, as doing so will cause their identity to be compromised."  *Id*.  Wight further

informed plaintiff to contact the U.S. Attorney's office or his case agent if he felt that his life was

in danger and the FBI "[i]f you cooperated with" that department.  *Id.*

Plaintiff commenced this civil action on January 29, 2009, advancing the following seven

claims for relief: (1) First Amendment Violation, (2) Eighth Amendment Violation,

(3) Fourteenth Amendment Violation, (4) Breach of Contract, (5) Breach of an Oral Agreement,

(6) Defamation Per se, Libel Per se, (7) Invasion of Privacy/False Light.  Compl. at 7-9.  He

seeks monetary damages of $6 million from each defendant.

## II.  DISCUSSION

### 1.  Subject Matter Jurisdiction

Defendants assert that the Court lacks subject matter jurisdiction because plaintiff's

claims are statutorily barred.  Defs' Mem. of P. & A. at 7-8.  The statute upon which defendants

rely shields the United States and its officers and employees from "any civil liability on account

of any decision to provide or not to provide protection under this chapter."  18 U.S.C. § 3521

(a)(3).  Defendants are correct only with respect to plaintiff's breach of contract claims, inasmuch

as "[s]ection 3521(a)(3) establishes that no contractual obligation, express or implied, can ever

arise out of a promise made in connection with the WSP."  *Austin v. U.S.*, 51 Fed. Cl. 718, 719-

20 (Fed. Cl. 2002).  The remaining tort and constitutional claims do not arise from decisions

about plaintiff's protection but rather from the alleged failure of defendants to protect his identity

after he had left the WSP.  The Court therefore does not find those claims foreclosed by § 3521.

As discussed next, however, the Court does find the common law tort claims foreclosed by the

Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.

With regard to the common law claims (Counts 4-7), the United States Attorney, serving

as the Attorney General's delegate, has certified pursuant to 28 U.S.C. § 2679(d) that the

4

individual defendants "were acting within the scope of their employment as employees and officers of the United States at the time of the alleged incidents."  Defs' Ex. 1 [Dkt. No. 9-3]. The alleged facts do not establish the individual defendants' personal involvement in the disclosure of plaintiff's identity, nor do they show that any one defendant–each of whom was a high-level agency official at the time--acted outside the scope of his employment.[1]  Pursuant to § 2679(d)(1), then, the Court deems the common law tort claims to be against the United States and substitutes the United States as the party-defendant.  *See Wuterich v. Murtha*, 562 F.3d 375, 380-81 (D.C. Cir. 2009) ("Upon the Attorney General's certification, the federal employee is dismissed from the case and the United States is substituted as the defendant in place of the employee," absent sufficient facts establishing "that the defendant['s] actions exceeded the scope of his employment[.]") (brackets in original) (internal quotation marks and citations omitted).

    The FTCA authorizes the bringing of a damages lawsuit against the United States but with conditions.  The statute provides in relevant part that

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and [the] claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  The exhaustion of administrative remedies is a prerequisite to filing an

---

[1] Plaintiff's claim that "Gonzales, Muller and Chertoff personally conspired to expose [him when he] was no longer a useable informant," Pl's. Opp'n [Dkt. No. 14] at 2], is simply incredulous.  *Cf. Tooley v. Napolitano*, ___ F.3d ___ , 2009 WL 3818372 *7-8 (D.C. Cir., Nov 17, 2009) (summarizing among "allegations . . . that district courts have dismissed for patent insubstantiality" those claiming "a campaign of surveillance and harassment deriving from uncertain origins" and unsubstantiated conspiracies) (citations omitted).

FTCA  lawsuit in federal court.  *See Simpkins v. District of Columbia*, 108 F.3d 366, 370-71

(D.C. Cir. 1997); *GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v.*

*United States*, 730 F.2d 808, 809 (D.C. Cir. 1984).  Plaintiff has not shown that he exhausted his

administrative remedies with DOJ, of which the Marshals Service and the FBI are components.

The Court therefore is deprived of subject matter jurisdiction over the common law tort claims.

*See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir.  2005) (per curiam) ("[T]he

district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject

matter jurisdiction.").

    2.  Failure to State a Claim

        A court may dismiss a complaint on the ground that it fails to state a claim upon which

relief can be granted if, assuming the alleged facts to be true and drawing all inferences in the

plaintiff's favor, it appears that the plaintiff can prove no facts "consistent with the allegations in

the complaint" to support the alleged violation.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

563 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do[.]"  *Twombly*, 550 U.S. at 555 (citations omitted);

accord *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

        Plaintiff's constitutional claims (Counts 1-3) fail for three basic reasons.  First, the

alleged facts do not in any way support plaintiff's claim that he was "denied free speech."

Compl. at 7.  Second, the Eighth Amendment's proscription against "cruel and unusual

punishment," *id*., "has no application" until "there ha[s] been [a] formal adjudication of guilt[.]"

*City of Revere v. Massachusetts General Hosp.*  463 U.S. 239, 244 (1983).  Nothing in the

6

complaint indicates that plaintiff is or was incarcerated or under custody for a conviction at times

relevant to the complaint.  Third, the Fourteenth Amendment, Compl. at 8, is inapplicable to the

federal government and the alleged facts do not state a claim under the "equal protection

component of the Due Process Clause of the Fifth Amendment."  *Iqbal*, 129 S.Ct. at 1948.  *See*

*id.* at 1948-49 ("Where the claim is invidious discrimination in contravention of the . . . Fifth

Amendment[] . . . the plaintiff must plead and prove that the defendant acted with discriminatory

purpose . . . on account of [plaintiff's] race, religion, or national origin.") (citations omitted);

*Women Prisoners of the D.C. Dep't of Corr. v. District of Columbia*, 93 F.3d 910, 924 (D.C. Cir.

1996) (the equal protection clause protects against the government's treating individuals

differently from another similarly situated individual or group).

For the foregoing reasons, defendants' motion to dismiss the complaint under Rules

12(b)(1) and 12(b)(6) is granted.  A separate Order accompanies this Memorandum Opinion.


DATE: December 11, 2009                    SIGNED:      EMMET G. SULLIVAN
                                           UNITED STATES DISTRICT JUDGE